UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dhananjay Singh (A-241-273-343), | No. 1:26-cv-00244 WBS-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| Warden of the Golden State Annex, et al., | |
| Respondents. | |

Petitioner Dhananjay Singh (A-241-273-343), a citizen of India, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner entered the United States on May 15, 2023, was initially detained by U.S. Border Patrol inside the United States and released on May 16, 2023.  On December 4, 2025, petitioner was arrested and re-detained at his regular U.S. Immigration and Customs Enforcement ("ICE") check-in and has been in continuous detention since this date.  This habeas action concerns petitioner's re-detention.  For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND[2]

Petitioner is a 23-year old citizen of India.  (ECF No. 1 at 2, 3.)  Petitioner entered the United States on May 15, 2023[3] and was initially detained by U.S. Border Patrol.  (Id.)  On May 15, 2023, Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[4]  (ECF No. 1-1 at 3.)  In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information.  (Id.)  On May 16, 2023, petitioner was released with supervision conditions and instructions to report to ICE within thirty days.  (ECF No. 1 at 2, 12.)  Thereafter, petitioner filed an application for asylum in October 2023, which remains pending.  (Id. at 2, 12.)  Petitioner applied for temporary work authorization and his application was approved in May 2024, allowing him to lawfully work in the United States.  (Id. at 2, 3.)  Petitioner complied with his release conditions and all ICE instructions, including reporting for regular check-ins in June 2023, December 2023, December 2024, and December 2025.  (Id. at 2, 12.)  Petitioner has no criminal history and has not violated any conditions of his release, which respondents do not dispute.  (ECF No. 1 at 3; see ECF No. 9.)

On December 4, 2025, petitioner was arrested and re-detained at his regular ICE check-in without any warning, explanation, or arrest warrant, and without the opportunity to contact his attorney or challenge his detention before a neutral decisionmaker.  (ECF No. 1 at 3, 12.)  Petitioner was not provided a pre-deprivation hearing.  (Id.)  On January 5, 2026, the immigration judge denied petitioner's request for a custody redetermination for lack of jurisdiction pursuant to

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 17.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 9.)

[3]  The Notice to Appear attached to the petition states that petitioner arrived on or about May 13, 2023.  (ECF No. 1-1 at 3.)  This discrepancy in the date of arrival does not affect the Court's analysis and need not be resolved.

[4]  Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

Matter of Hurtado, 29 I&N Dec. 216 (BIA 2025). (ECF No. 1.1 at 7.) Respondents do not contest petitioner's factual allegations. (See ECF No. 9.)

## II.    PROCEDURAL BACKGROUND

On January 13, 2026, petitioner filed his petition for writ of habeas corpus and motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 15, 2026, respondents filed their opposition. (ECF No. 5.) On January 16, 2026, the district judge denied the motion for a temporary restraining order, and referred the matter to the assigned magistrate judge. (ECF No. 6.) This Court set a schedule for merits briefing. (ECF No. 7.) On January 27, 2026, respondents timely filed their opposition to the petition, and on January 30, 2026, petitioner timely filed his reply. (ECF Nos. 9, 10.) Briefing is complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his re-detention based on the following claims: (1) the Fifth Amendment substantive due process clause; and (2) the Fifth Amendment procedural due process clause. (ECF No. 1 at 13-15.) Respondents

3

do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing.  (ECF No. 9.)  Respondents fail to address petitioner's due process arguments.  (See id.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary."  Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)).  "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Arizona v. California, 460 U.S. 605, 618 (1983).  "Law of the case directs a court's discretion, it does not limit the tribunal's power."  Id.

Here, in denying petitioner's motion for a temporary restraining order, the district court concluded that "noncitizens present in the United States who were never legally admitted were presumably 'applicants for admission' under 8 U.S.C. § 1225(b) and thus subject to mandatory detention."  1/16/2026 Order at 3 (ECF No. 6) (citing Alonzo v. Noem, No. 1:25-cv-01519 WBS SCR, 2025 WL 3208284, at *4 (E.D. Cal. Nov. 17, 2025); Mo v. Chestnut, No. 1:25-cv-01789 WBS CSK, 2025 WL 3539063, at *2 (E.D. Cal. Dec. 10, 2025); Valencia v. Chestnut, No. 1:25-cv-01550 WBS JDP, 2025 WL 3205133, at *3 (E.D. Cal. Nov. 17, 2025); Xavier Oliveria v. Albarran, et al., No. 1:25-cv-01760 WBS AC, 2025 WL 3525923 (E.D. Cal. Dec. 9, 2025) (internal parentheticals omitted)).  The district court further concluded that "the procedure authorized by Congress in 8 U.S.C. § 1225(b) constitutes procedural due process as far as petitioner is concerned."  1/16/2026 Order at 4 (internal quotation marks omitted).  As to petitioner's substantive due process claim, the district court found that petitioner's re-detention was not arbitrary and was based on DHS' current and reasonable interpretation of § 1225 based on a July 2025 policy memorandum.  Id. at 6-8.  The district court denied petitioner's motion for a temporary restraining order, holding that "petitioner has failed to demonstrate a likelihood of success on the merits of his procedural and substantive due process claims"  Id. at 8.

4

Other district courts and circuit courts agree with the district court as to the applicability of § 1225, though this is the minority approach. See, e.g., Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the INA. See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026). This Court follows the majority of federal courts. See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025). This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here. To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition. Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees. This Court recommends

///

///

5

granting the habeas petition on the procedural due process claim[5] and ordering petitioner's immediate release where he was previously released by immigration authorities into the United States in May 2023, complied with all release conditions, and was permitted to live in the United States for over 2.5 years.

V.      CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents be ordered to IMMEDIATELY release petitioner Dhananjay Singh (A-241-273-343) and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  **This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close

---

[5]  This Court expressly notes that it is not addressing the length of petitioner's detention and whether such detention is prolonged or indefinite where petitioner does not challenge the length of his detention in the instant petition.  See Zadvydas, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.") (detention of noncitizen after final order of removal pursuant to 8 U.S.C. § 1231(a)(6)); Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (indefinite detention of noncitizen violates due process) (detention of noncitizen pursuant to 8 U.S.C. § 1226(c)).  Therefore, if petitioner remains detained, petitioner is not barred from filing a separate habeas petition challenging his detention as prolonged or indefinite where such a claim was not raised in the instant petition or ripe at the time the instant petition was filed.

this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.0244.26.frs-merits