UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

DHANANJAY SINGH (A-241-273-343),

Petitioner,

v.

Warden of the Golden State Annex, et al.,

Respondents.

No. 1:26-cv-0244 WBS CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also filed a motion for temporary restraining order the same day he filed his petition for habeas corpus. (Docket No. 2.) On January 16, 2026, the court denied petitioner's motion for temporary restraining order on the grounds that, based on the record then-available to the court, petitioner was unlikely to prevail on the merits of his Due Process claim. (See Docket No. 4.)

The matter was then referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 21, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. Respondents did not file objections to the findings and recommendations.

The circumstances have changed since this court ruled that petitioner was unlikely to prevail on his due process claim. It has now been approximately seven months since this matter was referred to the magistrate judge, and for all the court can determine petitioner's custodial status appears to remain unchanged. This court has repeatedly explained that a noncitizen who unlawfully enters the United States can expect to be lawfully detained upon doing so, but it has cautioned that such detention cannot be indefinite, so as to avoid running afoul of the Due Process Clause. See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").

Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether petitioner's immigration proceedings have been infected with undue delay by the agency. Uulu, 820 F. Supp. 3d at 1122. Because the record does not demonstrate that petitioner's immigration proceedings have advanced whatsoever during the eight months he has been detained, the court finds that petitioner's continued, unexplained detention is constitutionally impermissible. See id.; see also Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (actions that "offend traditional notions of fair play and substantial justice" violate the Due Process Clause (quotations omitted)).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 15) are adopted insofar as consistent with this Order.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

4. Respondents are ordered to release petitioner Dhananjay Singh (A-241-273-343) from custody forthwith.[1]

5. The Clerk of Court is directed to enter judgment in favor of petitioner and close this

[1] Because this is a habeas corpus proceeding, the court is not empowered to grant relief aside from petitioner's release. See Nguyen v. Warden, No. 1:25-cv-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (collecting cases).

case.

7. The Clerk is directed to serve Golden State Annex with a copy of this Order.[2]

Dated: July 16, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/sing0141.jo.2241.imm.RELEASE

[2] A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).